8980 /SHV

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Sea Shipping Lines
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDITERRANEAN SHIPPING COMPANY S.A.,<br><br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>SEA SHIPPING LINES and BOHM ENTERPRISES LTD.,<br><br>　　　　　　　　　Defendants. | ECF Case<br><br>07 Civ 8157 (Judge Marrero)<br><br>**ANSWER TO COMPLAINT WITH CROSSCLAIM** |

　　　　Defendant Sea Shipping Lines ("SSL"), by its attorneys Cichanowicz, Callan, Keane, Vengrow, and Textor, LLP answers plaintiff's Complaint with civil number 07 CIV 8157 as follows:

　　　　1.　　Admits this is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC § 1333.

　　　　2.　　Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint.

　　　　3.　　Admits upon information and belief, defendant SSL is a corporation organized and existing by virtue of the laws of one of the states of the United States.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Admits on or about September 18, 2006, SSL acting as a Non-Vessel Operating Common Carrier (NVOCC) issued a bill of lading numbered SLI113623 (hereinafter referred to as "SSL's bill of lading") to BOHM, whereby SSL agreed to transport BOHM's shipment of latex blended paint in one container from Port Everglades, Florida to Tema, Ghana ("subject shipment"), in consideration of some agreed freight.

6. Admits SSL contracted with MSC to transport the subject shipment from Port Everglades, Florida to Tema, Ghana, in consideration of some agreed freight.

7. Admits on or about September 18, 2006, MSC issued bill of lading numbered MSCUTM472233 (hereinafter referred to as "MSC bill of lading") to SSL, whereby MSC agreed to carry one container numbered CRXU4559130 ("the container") loaded with latex blended paint ("the cargo") from Port Everglades, Florida to Tema, Ghana aboard the M/V MSC TASMANUA and other MSC vessels in consideration of certain freight payments.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Admits Clause 2 of the bill of lading requires that any and all disputes be brought in United States District Court, Southern District of New York.

10. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Admits BOHM was responsible for loading the subject shipment into MSC's container CRXU4559130, but except as so admitted, SSL denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Admits the container was subsequently loaded and delivered to MSC on September 7, 2006, and placed aboard the M/V MSC TASMANIA on September 18, 2006 for shipment to Tema, Ghana via Las Palmas, Spain and except were so specifically admitted, denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint.

13. Denies each and every allegation contained in Paragraph 13 of Plaintiff's Complaint and SSL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at SSL, said allegations or assertions are specifically denied.

14. Denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint and SSL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at SSL, said allegations or assertions are specifically denied.

15. Denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint and SSL is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at SSL, said allegations or assertions are specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16. That the said shipment as described in Plaintiff's Amended Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then there issued, by which the shippers and consignees of said bills of lading agree to be and are bound.

17. Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bills of lading.

18. Any shortage, loss and/or damage to the shipment in suit which defendant specifically denies was due to causes for which the defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, ("COGSA") approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bills of lading and/or the General Maritime Law and/or applicable foreign law.

### SECOND AFFIRMATIVE DEFENSE

19. Due diligence was exercised on the part of the carrier to make the vessels and its appurtenances seaworthy, and to make all other parts of the vessel in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### THIRD AFFIRMATIVE DEFENSE

20. That if the good in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which SSL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(o), and (n), and by the terms of the contract of carriage.

### FOURTH AFFIRMATIVE DEFENSE

21. That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of the goods in suit, for which SSL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(m), and by the terms of the contract of carriage.

### FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to properly and fully mitigate its damages in its Amended Complaint.

## SIXTH AFFIRMATIVE DEFENSE

23. That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which SSL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(i), and by the terms of the contract of carriage.

## SEVENTH AFFIRMATIVE DEFENSE

24. That if the good in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

## EIGHTH AFFIRMATIVE DEFENSE

25. This suit is time-barred under the agreed provisions of the bills of lading, and under the provisions of the Carriage of Goods by Sea Act, specifically, 46 U.S.C. §1303(6).

## NINTH AFFIRMATIVE DEFENSE

26. That if Plaintiff's cargo suffered any loss or damage, which SSL denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of SSL, and SSL is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(Q).

## CROSS-CLAIM

### AS AND FOR ITS CROSS-CLAIM AGAINST DEFENDANT BOHM DEFENDANT SSL ALLEGES AS FOLLOWS:

27. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 to 25 inclusive of this Answer to Plaintiff's Complaint with the same force and effect as if herein set forth at length.

28. If there was any loss or damage to the shipment referred to in the Complaint, which is denied, and said loss or damage caused any liability to SSL, then the said liability was brought by Defendant Bohm's negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof, SSL is entitled to full indemnity and/or contribution from Defendant Bohm, for its loss and damage including reasonable counsel fees and expenses.

WHEREFORE, Defendant SSL prays that the Complaint against it be dismissed and its cross-claim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
    November 6, 2007

                Respectfully submitted,

                CICHANOWICZ, CALLAN, KEANE,
                VENGROW & TEXTOR, LLP
                Attorneys for Defendant Sea Shipping Lines

                By: / s / Stephen H. Vengrow
                      Stephen H. Vengrow  (SHV/3479)
                61 Broadway, Suite 3000
                New York, New York 10006-2802
                (212) 344-7042

To:   Lyons & Flood, LLP
       65 West 36th Street, 7th Floor
       New York, New York 10018

       Bohm Enterprises, Ltd.
       1299 Coney Island Avenue
       Brooklyn, New York 11230

## CERTIFICATE OF SERVICE BY ECF AND REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen years and I am not a party to this action.

2. On November 6, 2007, I served a complete copy of **Defendant Sea Shipping Lines' ANSWER TO COMPLAINT WITH CROSSCLAIM** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following address:

> Lyons & Flood, LLP
> 65 West 36th Street, 7th Floor
> New York, New York 100018
>
> Bohm Enterprises, Ltd.
> 1299 Coney Island Avenue
> Brooklyn, New York 11230

/ s / Patrick Michael DeCharles, II
Patrick Michael DeCharles, II (PMD/9984)

DATED:   November 6, 2007
         New York, New York